WOODS, Circuit Judge.
Concurring fully with the principal opinion in other respects, I cannot agree that upon the facts disclosed there is an estoppel against Marshall P. Ayers and John A. Ayers, any more than against Augustus E. Ayers. They made no representations in respect to the ownership of the bonds. They were ignorant of the facts, and it was only upon the representation of William S. Hook, who knew all the facts, that they were led to believe, if they did believe, that the bonds had been pledged as collateral to the debt of the Jacksonville & Southeastern Railway Company to the syndicate of which they were members. If there was fraud or deception in the transaction, Hook was the wrongdoer, and they were the victims. He had full knowledge. *985 They knew, if they remembered it, only what he or his agent, Marcus Hook, had told them under circumstances which called for no action or thought on the subject by them; and more than a year before they parted with their interest in the syndicate, at which time nothing was said about the bonds. There was, therefore, by no possibility an estoppel in pais. Indeed, that is not understood to be asserted. “The majority of the court is still of opinion that they are estopped by their contract of sale,” it is said; but that cannot be, unless the bonds were within the terms of the contract. The contract is in writing, and its terms cannot be in doubt. Each member of the syndicate executed to William S. Hook a written assignment of his interest in the property of the •syndicate. It is not pretended that the syndicate had ever had .any interest in the bonds except as pledgee. We are all agreed that there was no pledge, and no valid agreement to make one; and it is therefore clear that no interest in the bonds was transferred to Hook, or purported to be transferred to him, by force of the contract of sale. It is said, however, that the members of the syndicate disposed of their interest therein to Hook with a knowledge that he claimed that the bonds were held as collateral for the benefit of the syndicate. The fact is not beyond question, hut let it be conceded. Hook knew the contrary, and, if the other members believed it, it was because he had misled them; so that, as we have already seen, an estoppel in pais is out of the question. If the meaning of the majority opinion is that the execution of the contract of sale, with a knowledge of Hook’s claim that the bonds were pledged, was equivalent to an agreement or binding consent that the claim was true, that proposition can be given no ¡significance here without a plain disregard of the rule that written contracts cannot be varied by proof of antecedent or contemporaneous parol agreements. The written assignment did not include an interest in the bonds, and it is not competent to show a parol agreement, deduced from assertion on one side and acquiescence on the other, that an interest in the bonds should be included. There might, in such a case, upon a proper showing, be a. reformation of the contract in order to express the whole intention of the parties; but to declare an existing estoppel upon the facts as they are seems to me to be a departure from established principles, which are of the greater importance because they •are of every-day application. It seems to me to be aside from, and in part a begging of, the question, to say, “It is merely the application of the doctrine of estoppel, by which one who has participated in the avails of a transaction which is incomplete, and cannot therefore bind creditors, shall not be heard to deny the transaction.” There is no question here concerning the rights of creditors other than the appellees. The transaction in the avails •of which Marshall P. Ayers and John A. Ayers participated was •in no sense incomplete. It was consummated, and is evidenced by a writing of unequivocal terms; and the question is, what was the .actual transaction? Were the bonds included? It is said that one •who has participated in the avails of it cannot deny the transac *986 tion. That proposition, as here applied, is reasoning in a circle. The bonds are brought into the transaction only by force of the supposed estoppel, but the estoppel asserted arises after the transaction, by reason of the avails thereof being taken by the parties supposed to be estopped. They did not share in the avails of the bonds, unless they were included in the transaction; and yet the proposition is that, because the appellees shared in the avails, the bonds must be deemed to have been included. It seems clear to me that, if there was an estoppel, it must be found outside of the transaction to be affected thereby; and, for the reasons already stated, that cannot be. If the supposed pledge failed for want of effective action—there was in fact no action at all, but at most an intention on the part of Hook alone—Marshall P. Ayers and' John A. Ayers could, of course, perfect it, as against their own rights, by an agreement to that effect; but such an agreement resting in parol cannot be shown, when the effect is, as here, to vary a contract in writing. It is to be observed that Hook’s answer does not attempt to set up an estoppel against Marshall P. Ayers and John A. Ayers. It alleges an outright sale by them to him of their interest in the bonds, for a price paid, and not a sale by force of an estoppel in connection with the actual sale which was made of their interest in the property of the syndicate. The estoppel attempted to be set up is against the three Ayerses, and it is predicated, as against two of them, solely on the alleged sale of their interest in the bonds, and, as against the third, upon bis" alleged knowledge of that sale at the time it was made. In short, the theory of the answer is that two of the appellees had parted with their interest in the bonds by contract of sale, and that the other was cut off by an estoppel in pais. The answer fails because there was no such contract, and such an estoppel, upon the facts, against Augustus E. Ayers was impossible. Against the other two, no estoppel outside of the contract was pleaded, and, if it had been, it could not have prevailed. Decree affirmed.